

E-filing

FILED
JAN 0 6 2006
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PHILIP K. CONLEY,

    Plaintiff,

v.

KEMPER INSURANCE CO. et al.,

    Defendants.

No. C05-02249 MJJ

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM WAIVER OF JURY TRIAL**

## INTRODUCTION

Before the Court is Philip K. Conley's ("Plaintiff") Motion for Relief from Waiver of Jury Trial. The motion is opposed by Kemper Insurance Companies, Broadspire Services Inc., and Platinum Equity LLC ("Defendants"). For the following reasons, the Court **DENIES** Plaintiff's Motion for Relief from Waiver of Jury Trial.

## FACTUAL BACKGROUND

Plaintiff originally filed the complaint in this action in San Francisco Superior Court on April 27, 2005 (the "State Complaint"). The State Complaint did not contain a demand for jury trial. On June 10, 2005, Defendants removed the action to this Court, the United States District Court for the Northern District of California. After the case was removed, Plaintiff did not timely file a demand

for a jury trial.[1] Plaintiff's attorney mistakenly believed that she had properly made such a demand in the state court complaint. In failing to make a timely demand, Plaintiff waived his right to a jury trial. Plaintiff filed the instant motion seeking relief from that waiver.

## ANALYSIS

Plaintiff admits that he did not timely request a jury trial either in the State Complaint or in any papers filed in federal court. Plaintiff also concedes that, in failing to file a timely jury demand, he waived his right to a jury trial. Nonetheless, Plaintiff seeks relief, pursuant to Rule 39(b) of the Federal Rules of Civil Procedure, from this waiver.

A district court's discretion in granting relief under Rule 39(b) is narrow, and "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd.* 239 F.3d 1000, 1002 (9th Cir. 2001). A district court must deny an untimely request for a jury trial unless some cause beyond mere inadvertence is shown. *See Mardesich v. Marciel*, 538 F.2d 848, 849 (9th Cir.1976); *Russ v. Standard Ins. Co.*, 120 F.3d 988, 989-90 (9th Cir.1997). Here, Plaintiff has cited only inadvertence on the part of Plaintiff's attorney as the basis for relief. Plaintiff states, "[a]lthough aware of the time limits for demanding a jury, [Plaintiff's] counsel believed that she had properly demanded a jury in the state court complaint. When she returned to her office two weeks later, counsel focused on preparing a timely motion to remand....As a result, a federal jury trial demand was not timely filed." (Motion at 2). The law in the Ninth Circuit is quite clear that the Court cannot grant relief pursuant to Rule 39(b) where, as here, the failure to file a timely request for relief was entirely due to inadvertence on the part of a party's attorney. *Kletzelman v. Capistrano Unified Sch. Dist.*, 91 F.3d 68, 71 (9th Cir.1996); *Lewis v. Time, Inc.*, 710 F.2d 549, 556-57 (9th Cir.1983). Plaintiff offers no other explanation for his omission other than inadvertence on the part of his attorney. Accordingly, the Court must **DENY** Plaintiff's request.

///

---

[1] For Plaintiff's jury demand to have been timely, Plaintiff would have had to have filed his demand by June 24, 2005, ten court days after the Defendants had answered the complaint in this Court. Plaintiff did not file a timely demand.

2

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Relief from Waiver of Jury Trial.[2]

**IT IS SO ORDERED.**

Dated: January 6, 2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[2] Docket No. 64